IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DARRYCK A. DEAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL LA MOTTE, et al., )<br>)<br>Defendants. ) | Case No. 05-0305-CV-W-SWH |

ORDER

Plaintiff originally filed this action in the Circuit Court of Jackson County, Missouri. Defendants removed the action to this Court. (Notice of Removal of Civil Action, doc. #1) Pending before the Court is Plaintiff's Motion to Remand (doc. #12).

I. FACTUAL BACKGROUND

On February 25, 2005, plaintiff filed his complaint in the Circuit Court of Jackson County, Missouri. (Complaint, Ex. A to doc. #1) The Complaint alleges violations of the Fourth Amendment (Count 1), assault (Count 2), battery (Count 3), violations of 42 U.S.C. §§ 1981 and 1983 (Counts 4, 5 , 7 and 8) and malicious prosecution (Count 6). Named as defendants in the action are Police Officers Paul Lamotte, Leslie Foreman, John Doe and Jane Roe and Sergeant Freed, of the Kansas City, Missouri Police Department. Those defendants are sued in their individual capacities. Additional defendants are Angela Wasson-Hunt, Stacy Daniels-Young, Kay Barnes, Karl Zobrist, Bryan Round and Javier Perez. These defendants are alleged to be members of the Board of Police Commissioners of the Kansas City Missouri Police Department and are sued in both their individual and official capacities.

Defendants removed this action by filing their Notice of Removal of Civil Action (doc. #1)

with this Court on April 5, 2005.  The notice alleges that the Court has original jurisdiction over plaintiff's federal claims.  On April 27, 2005, plaintiff filed a motion to remand asking that this case be returned to state court for the reason that the notice of removal was not filed with the state court as required by 28 U.S.C. §1446(d) and that defendants failed to secure the consent of all defendants in the notice of removal as required by §§ 1441 and 1446. (Plaintiff's Motion to Remand, doc. #12)

## II.  LEGAL DISCUSSION

### A.  Notice of Removal

28 U.S.C. § 1441(a) allows a defendant to remove a civil action from state to federal court if the District Courts of the United States would have had original jurisdiction of the action. In order to properly remove an action the defendant must, among other things, file a copy of the notice of removal with the clerk of the state court. 28 U.S.C. §1446(d).  The notice must be filed "promptly." Id.

Plaintiff argues that defendants' removal of this action was defective because a copy of the notice of removal was never filed with clerk of the state court.  In support of this argument, plaintiff attached to his motion a Continuance Notice dated April 20, 2005, stamped with the signature of Judge Bob Beaird of the Jackson County Court which provides in part:

> After reviewing the Court's file, it was ascertained that neither the Notice of Filing nor Notice of Removal had been filed in this cause.  Further, there is nothing indicating that the case has been removed to Federal Court at this time.

(Continuance Notice, Ex. A to doc. #12)

In response, defendants attached to their suggestions a file stamped copy of the Notice to State Court of Removal (Ex. A to doc. #13).  The Notice was filed on April 6, 2005, at 10:30 a.m. This Court cannot speculate as to why the Notice to State Court of Removal filed on April 6, 2005,

2

was not in Judge Beaird's file as of April 20, 2005[1]. However, plaintiff's reply suggestions do not contest the authenticity of the notice nor the file stamped date reflecting that it was filed with the state court the morning following the filing in federal court of the notice of removal.[2] In view of this evidence, it appears that defendants complied with the notice provision of 28 U.S.C. § 1446(d).

## B. Rule of Unanimity

Although it is not set forth in the statute itself, courts have included a rule of unanimity within the removal process. The "rule of unanimity" requires that in order for a case to be properly removed, all defendants who have been served or properly joined in action must either join in removal or file a written consent to removal. Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 754 n.2 (8th Cir. 2001); Bradley v. Maryland Casualty Co., 382 F.2d 415, 419 (8th Cir. 1967).

Plaintiff filed his suit against defendants LaMotte, Foreman, and Freed in their individual capacities and against Wasson-Hunt, Daniels-Young, Barnes, Zobrist, Round and Perez in their individual and official capacities as members of the Board of Police Commissioners. The Notice of Removal of Civil Action states in part:

> **COME NOW** Defendants, Angela Wasson-Hunt, Stacey Daniels-Young, Kay Barnes, Karl Zobrist and Jaavier M. Perez, Jr., in their official capacities as members of the Board of Police Commissioners of Kansas City, Missouri (Board), along with Defendants Bryan Round (Round), Police Officer Paul LaMotte (LaMotte), Police Officer Leslie Foreman (Foreman) and Sergeant Freed(Freed), by and though their undersigned counsel, and pursuant

---

[1] 28 U.S.C. § 1446(d) merely requires that the notice be filed with the clerk of the state court.

[2] The Notice of Removal of Civil Action was filed in federal court at 4:57 p.m. on April 5, 2005.

3

> to the provisions of Title 28 United States Code, Sections 1441(a) and 1446, state as follows:
>
> * * *
>
> 3. All defendant do hereby enter their appearance in this case.
>
> * * *
>
> WHEREFORE, Board, Round, LaMotte, Foreman and Freed, request that the above-entitled action be removed from the Circuit Court of Jackson County, Missouri to this Court.

(Notice of Removal of Civil Action, doc. # 1)

Plaintiff argues that not all of the defendants in this action joined in or filed a written consent to removal because defendants Wasson-Hunt, Daniels-Young, Barnes, Zobrist and Perez did not join the removal in their individual capacities, only in their official capacities[3]. Defendants contend that plaintiff seeks a hypertechnical and unrealistic interpretation of the removal statutes. In their view, it is clear that all defendants entered their appearance and expressed their desire to seek removal.

As plaintiff recognized, the designation of whether a civil rights action is brought against someone in their individual versus their official capacity will determine the type of damages which are recoverable.[4] (Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand, doc. # 16 at 2) Case law holds that whether a claim is brought against a government actor in his official versus individual capacity will determine the type of conduct that is actionable and the type of

---

[3]It is unclear whether these defendants mistakenly believed that they had been sued only in their official capacities. For example, in answering the complaint, the board members filed their answer "in their official capacities as members of the Board of Police Commissioners of Kansas City." (Doc. # 5)

[4]Plaintiff states that only declaratory and injunctive relief can only be sought against someone sued in their official capacity while monetary damages may be awarded against someone sued individually. (Plaintiff's Reply at 2)

4

defense that is available." <u>Lansdown v. Chadwick</u>, 152 F.Supp.2d 1128, 1138 (W.D. Ark. 2000).[5] Thus, plaintiffs are required to indicate in the complaint whether they are seeking to recover damages from defendants directly or to hold the state responsible for the conduct of its employees or both. <u>Nix v. Norman</u>, 879 F.2d 429, 431 (8th Cir. 1989); <u>Wells v. Brown</u>, 891 F.2d 591, 593 (6th Cir. 1989). By suing a defendant in both his individual and official capacities, plaintiff uses two separate theories of recovery against a single defendant. However, when suing someone in both their individual and official capacities, plaintiff is not required to serve the defendant twice nor otherwise treat the individual as two separate persons.

Defense counsel have assured the Court that the Board members seek removal of this action and there is no intention on their part to split plaintiff's cause of action and proceed in both this Court and the state court. (Suggestions in Opposition to Plaintiffs' Motion to Remand, doc. #13, p.2) The Court is mindful of its obligation to construe the removal statutes strictly. However, the Court finds that remanding this case because defendants did not indicate in the notice of removal that removal was sought by the board members in both their individual and official capacities would be the kind of hypertechnical interpretation of the removal process which courts have tried to avoid. All defendants that have been served joined in the Notice of Removal of Civil Action. Therefore, the Court declines to remand the action.

### III. CONCLUSION

For the reasons discussed herein, the Court finds that this action was properly removed.

---

[5]For example, a claim against individuals in their official capacity require proof that a policy or custom of the entity violated the plaintiff's rights. Personal capacity claims allege personal liability for individual actions by officials in the course of their duties and do not require proof of a violation of policy or custom. <u>Lansdown</u>, 152 F. Supp. 2nd at 1137.

Therefore it is

>ORDERED that Plaintiff's Motion to Remand (doc. #12) is denied.

                                        <u>     /s/ Sarah W. Hays                    </u>
                                                SARAH W. HAYS
                                        United States Magistrate Judge

6