IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DARRYCK A. DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-0305-CV-W-SWH |
| | ) | |
| PAUL LA MOTTE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Pending before the Court is the Separate Motion for Summary Judgment of Defendant Round. (Doc. #3) Plaintiff filed no opposition to this motion.

I. STANDARDS FOR EVALUATING A MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only when the pleadings and evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The nonmoving party may not rest upon allegations or general denials, but must come forward with specific facts to prove that a genuine issue for trial exists. See Anderson v. Liberty Lobby, Inc., 477 U.S. 243 (1986). In doing so, all evidence and inferences therefrom are viewed in the light most favorable to the nonmoving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

II. MATERIAL FACTS

The following facts were not denied by plaintiff, and thus, are deemed admitted:

1. Round is being sued in his official and individual capacity as a member of the Board of Police Commissioners of Kansas City, Missouri. (Round's Uncontroverted

Material Fact No. 1)

2. Round is not a member of the Board of Police Commissioners of Kansas City, Missouri (Board) and does not have voting rights with that Board. (Round's Uncontroverted Material Fact No. 2)

3. Round acts only as the Assistant Secretary/Attorney for the Board as authorized by Section 84.420.2(7) of the Revised Statues of Missouri. (Round's Uncontroverted Material Fact No. 3)

### III. DISCUSSION

The undisputed facts are that Round is not a member of the Board of Police Commissioners. Rather, he was hired by the Board as the Assistant Secretary/Attorney to the Board. A review of the complaint demonstrates that all of the allegations against Round are for actions he took as an alleged board member in failing to train, supervise, control and discipline officers of the Kansas City Missouri Police Department. (See ¶¶ 102-112 of the Complaint) Plaintiff did not file any opposition to the motion, and thus, has offered no other basis for seeking monetary or other relief against defendant Round.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Defendant Round has provided evidence that he is not a proper party to this action. Plaintiff has not shown that there is a genuine issue of material fact sufficient for trial. Therefore, it is

ORDERED that the Separate Motion for Summary Judgment of Defendant Round (doc. #3) is granted and defendant Round is hereby dismissed from this action.

                                             */s/ Sarah W. Hays*
                                             SARAH W. HAYS
                                           United States Magistrate Judge